MARTIN VENEER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4769. Decided October 27, 1926.

The deduction on account of loss by fire is allowable in the year during which the property was destroyed, although the amount of the loss was not ascertained until a subsequent year.

*William S. Pritchard, Esq.,* for the petitioner.
*W. Frank Gibbs, Esq.,* for the respondent.

This is a proceeding for the redetermination of a deficiency in income and profits taxes for 1920 in the amount of $2,173.06. The deficiency results from the disallowance by the Commissioner of depreciation claimed by the taxpayer and the disallowance of a loss by fire.

FINDINGS OF FACT.

The taxpayer is an Alabama corporation, with its office at Brewton. A part of its mills were located at Bluff Springs, Fla., on the Es-

cambria River, twenty miles from where the office is located. It is engaged in the business of manufacturing lumber and veneer.

The taxpayer operated a general store in connection with its mills at Bluff Springs. During the night of December 30, 1919, the store caught fire. During the progress of the fire a portion of the merchandise was salvaged. There was some fire and smoke where the building stood on January 1, 1920, but the building and merchandise were destroyed before midnight of December 31, 1919. The insurance was not adjusted until January, 1920. The taxpayer claimed the loss in its return for 1920. The Commissioner disallowed the loss for 1920. The total loss was $5,833.18. Insurance in the amount of $1,500 was paid January 28, 1920. The loss on account of the fire, not covered by insurance, was $4,333.18.

The taxpayer in its return for 1920 took a lump sum deduction on account of depreciation of its property and plant in the amount of $2,985.70.

The Commissioner disallowed certain deductions claimed by the taxpayer as expense. This amount was capitalized and it increased the taxpayer's depreciation allowance by $117.16.

OPINION.

TRAMMELL: With respect to the loss by fire, the question is, When was the loss sustained? The fire started on the night of December 30, 1919, and there was some fire and smoke on the premises where the building stood after midnight of December 31, but at that time the building had been destroyed. What remained after that time was of no value. It is true that the exact amount of the loss was not ascertained because the insurance had not been adjusted. It is not material when the amount of the loss was ascertained.

On the question of the amount of the deduction allowable on account of the exhaustion, wear and tear of assets, the evidence introduced was not sufficient to overcome the presumption of the correctness of the determination of the Commissioner.

Judgment will be entered for the Commissioner.